**Victor Camacho CALLE; Elizabeth Guerra Hernane, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76116.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 1, 2006.

Stephen V. Scribner, Law Office of Stephen V. Scribner, Santa Rosa, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., Josh Braunstein, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

## MEMORANDUM **

Victor Camacho Calle and his wife Elizabeth Guerra Hernane, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immi-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

gration judge's ("IJ") order denying their applications for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the petitioners' contentions that the IJ's factual determinations are not supported by substantial evidence and that the petitioners were denied a full and fair hearing because they failed to raise these contentions before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency, including due process contentions that are procedural in nature).

The petitioners' contention that the agency deprived them of due process by not considering all of the evidence does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.") *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding that the "misapplication of case law" may not be reviewed).

We lack jurisdiction to evaluate whether the BIA's decision to affirm the IJ's order without opinion was appropriate, where the denial of relief was based on the IJ's discretionary decision that the petitioners failed to establish exceptional and extremely unusual hardship. *See Falcon*

*Carriche v. Ashcroft*, 350 F.3d 845, 854 (9th Cir.2003).

The petitioners' equal protection challenge is unavailing because they failed to "establish that [their] treatment differed from that of similarly situated persons." *Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir.2001).

Contrary to the petitioners' contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004–06 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**